**IT IS ORDERED**

**Date Entered on Docket: January 25, 2018**



The Honorable David T. Thuma
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Diana Lynne Townsend,
aka Diana Lynne Brown,
aka Diana Plog

Case No. 17-13028-t7

    Debtor(s).

## ORDER GRANTING M&T BANK RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (REAL PROPERTY)

This matter came before the Court on January 22, 2018, on the Motion for Relief from Automatic Stay and Abandonment (Real Property) filed on December 19, 2017, Doc No.15 (the "Motion") and the Response in Opposition to Motion for Relief from Automatic Stay and Abandonment (Real Property) filed on January 8, 2018, Doc No. 21. Karen H. Bradley, Attorney for Movant M&T Bank, appeared in person. The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On December 19, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use

of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

 (b) The Motion relates to the following property:

> Lot numbered Thirteen-P1 (13-P1) of the Subdivision of MIRADOR SANDIAS SUBDIVISION SEVEN BAR RANCH, Albuquerque, New Mexico, as the same is shown and designated on the Plat filed in the Office of the County Clerk of Bernalillo County, New Mexico, on July 1, 1999, recorded in Plat Book 99C, Page 170

(the "Property").

 (c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

 (d) The Notice was sufficient in form and content;

 (e) The objection deadline was January 11, 2018;

 (f) On January 8, 2018, the Debtor, through counsel, filed a Response in Opposition to the Motion ("Objection").

 (g) The Notice of Preliminary Hearing on M&T's Motion for Relief from Automatic Stay and Abandonment (Real Property) was filed on January 9, 2018, Doc No. 23, and was served on Counsel for the Debtor, the Trustee and the Debtor;

 (h) As of January 22, 2018, the Trustee, nor any other party in interest, filed an objection to the Motion;

IT IS THEREFORE ORDERED:

 1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

  (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to

the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ January 23, 2018
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

APPROVED AS TO FORM:

By _Via email 1/23/18_
William F. Davis./Nephi D. Hardman
Attorney for Debtor
6709 Academy NE, Suite A
Albuquerque, NM 87109

Copies to:

Edward Alexander Mazel
Trustee
1122 Central Ave. S.W., Suite 1
Albuquerque, NM 87102

Diana Lynne Townsend
Debtor
10427 Chaparro Dr. NW
Albuquerque, NM 87114

Timothy Brown
Non-filing Spouse
10427 Chaparro Dr. NW
Albuquerque, NM 87114