# UNITED STATES BANKRUPCTY COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE:

**Diana Lynne Townsend aka Diana Lynne Brown aka Diana Plog**

    **Debtor**                                          Case No. 17-13028-TA7

## MOTION FOR RELIEF FROM STAY, CO-DEBTOR STAY, AND TO ABANDON PROPERTY LOCATED AT 10444 CALLE PERDIZ NW, ALBUQUERQUE, NM 87114

U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, its assignees and/or successors, by and through its servicing agent Rushmore Loan Management Services LLC ("Creditor"), by and through its undersigned counsel, moves the Court for an order for relief from the automatic stay pursuant to 11 U.S.C. §362 of the Bankruptcy Code to allow Creditor, its successor and/or assigns to proceed with foreclosure of the real property on which Creditor holds a Note, to exercise its remedies under its Note and Mortgage, and pursuant to 11 U.S.C. §554(b), for an order that the property is no longer property of the estate.

As grounds for its Motion, Creditor states:

1. On November 30, 2017, Debtor filed a Chapter 7 Bankruptcy.

2. Debtor is the owner of certain real property located at 10444 Calle Perdiz NW, Albuquerque, NM 87114 ("Property") and legally described as set forth in **Exhibit "A"**, which is a true and correct copy of the recorded Mortgage.

3. Creditor is the holder of a Promissory Note dated January 30, 2008, in the principal amount of $259,900.00, which is secured by the Mortgage of the same date. See attached **Exhibit "B"**, which is a true and correct copy of the Note.

4. The Mortgage was duly recorded and perfected in accordance with New Mexico law on February 1, 2008, as Instrument No. 2008011166 in Bernalillo County, New Mexico. The Note and Mortgage was subsequently assigned to Creditor. See attached **Exhibit "C"**, which is a true and correct copy of the Assignment of Mortgage.

5. Note and Mortgage were signed by Debtor and co-debtor Arthur B. Plog.

6. The Debtor along with co-debtor Arthur B. Plog entered into a Loan Modification Agreement on or around October 22, 2009 for the principal amount of $265,070.86 (the "Loan Modification Agreement"). See **Exhibit "D"**.

7. The Debtor entered into a Loan Modification Agreement, which was signed solely by the Debtor, on or around January 22, 2014, for the principal amount of $342,733.92 (the "Loan Modification Agreement"). See **Exhibit "D"**.

8. Creditor, directly or through its agent, has possession of the original Note.

9. The entity has the right to enforce the Note and foreclose in the name of: U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT.

10. As of January 25, 2018, the total approximate amount owed is $416,875.60[1], itemized as follows:

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | 342,560.67 |
| Accrued Interest as of 01/25/2018: | $ | 43,233.07 |
| Escrow Advances as of 01/25/2018: | $ | 31,081.86 |
| Annual Rate of Interest | | 4.625% |
| Total Amount Due to Creditor | $ | 416,875.60 |

---

[1] This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Mortgage. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this Motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt.

11. As of January 25, 2018, Debtor is in arrears to Creditor under the Note and Mortgage for the regular monthly payments for a total amount of $67,913.02 as follows:

> DELINQUENCIES:
> Monthly Payments: 46 at $1,476.37 $ 67,913.02
> (04/14 through 01/18)

12. The current value of the Property is $260,000.00, based upon the Debtor's own value as set forth in Debtor's Schedule A.

13. Creditor is entitled to relief from stay, as Debtor has insufficient equity in the Property and the Property is not needed for an effective reorganization.

14. The Debtor intends to surrender the property, based on statement of intentions filed in this case.

15. Upon information and belief, the Property is of inconsequential value and benefit to the bankruptcy estate.

16. Movant further seeks termination of the co-debtor stay, with regards to the co-debtor to the Note, Mortgage, and first Loan Modification:

> a. To the extent applicable, the co-debtor stay §1301(c) is terminated, modified or annulled as to the co-debtor, Arthur B. Plog, on the same terms and conditions as to the Debtor.
>
> b. Relief is appropriate as to Co-debtor under 11 U.S.C. § 1301(c)(2) because Creditor will not be paid in full under the plan when the Motion for Relief is granted.
>
> c. Relief is appropriate as to Co-Debtor under 11 U.S.C. § 1301(c)(3) because Creditor would be irreparably harmed if relief is granted as to Debtor but not Co-Debtor. This would result in a greater

default without any provisions for cure. In addition, Creditor would be prevented from foreclosing when it is appropriate.

17. Creditor is entitled to its reasonable attorney's fees and costs in connection with the preparation and filing of this Motion for Relief from Stay pursuant to the terms of the Note and Mortgage, but only as permitted by Bankruptcy Code.

18. Concurrence of the Debtor to the Motion was sought on December 21, 2017.

**WHEREFORE,** U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, its assignees and/or successors, by and through its servicing agent Rushmore Loan Management Services LLC asks the Court to enter an Order granting:

1. Relief from the automatic stay provided by Section 362 of the Bankruptcy Code for the purpose of allowing it to commence or complete foreclosure upon the Property;
2. Permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law;
3. For an order abandoning the subject property;
4. Requests that this order shall retain its effect and validity should this case be converted to another chapter of the Bankruptcy Code;
5. Movant and/or its successors and assignees may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement;

6. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement;

7. If the debt is discharged, any such agreement shall be non-recourse unless included in a reaffirmation agreement;

8. The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor of the Note, Mortgage, and first Loan Modification, Arthur B. Plog, on the same terms and conditions as to the Debtor;

9. For such other relief as the Court deems just and proper.

                        **McCarthy & Holthus, LLP**

        **By:**   /s/ Elaine Abeyta-Montoya
              **Elaine Abeyta-Montoya, Esq.**
              **Attorneys for Movant,**
              **6501 Eagle Rock NE, Suite A-3**
              **Albuquerque, NM 87113**
              **(505) 219-4900**
              **emontoya@mccarthyholthus.com**